**FILED**
**Jan 19, 2022**
**08:57 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT CHATTANOOGA

| | | |
|---|---|---|
| **SCOTT SZEGO,** | ) | **Docket No. 2019-01-0488** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | **State File No. 48608-2019** |
| **TEFFETELLER CONSTRUCTION &** | ) | |
| **LANDSCAPING, ASHLEY MCNISH,** | ) | |
| **& THE ESTATE OF KRISTOPHER** | ) | **Judge Thomas Wyatt** |
| **TEFFETELLER,** | ) | |
| **Uninsured Employer.** | ) | |

---

## COMPENSATION ORDER AWARDING BENEFITS

---

At a Compensation Hearing, Scott Szego sought temporary disability, permanent disability, and medical benefits for a May 21, 2019 work injury. He also sought to recover under the Uninsured Employers Fund. For the reasons below, the Court holds that Mr. Szego is entitled to recover the benefits he seeks. He also qualifies to apply to the Uninsured Employers Fund for consideration of the discretionary payment of certain statutory benefits.

### History of Claim

On May 21, 2019, Mr. Szego, a Tennessee resident, sustained serious injuries while working for Teffeteller Construction at a jobsite in Chattanooga. Within sixty days of the injury, he filed a Petition for Benefit Determination and a Request for Investigation seeking the Bureau's inquiry into why Teffeteller Construction had not paid benefits for his injuries.

Kristopher Teffeteller operated Teffeteller Construction as a sole proprietorship. After Mr. Teffeteller died during the pendency of the case, his girlfriend, Ashley McNish, participated in several Status Hearings on behalf of Teffeteller Construction. Mr. Szego added Ms. McNish and the Estate of Kristopher Teffeteller as defendants.

1

As background, Mr. Szego was forty-two years old on the date of injury and attained a GED. He had worked for Teffeteller Construction for two months at a rate of $10 per hour before the injury occurred. He averaged working forty-five hours per week during his employment.

Teffeteller Construction had Mr. Szego tearing out a roof on the date of injury. He became overheated and fell from a height of approximately fifteen feet. Records show that an ambulance crew found Mr. Teffeteller unresponsive. Witnesses told emergency personnel that Mr. Szego was assigned to work on the roof and when they heard a thud, found him lying unconscious on the ground. The ambulance transported Mr. Szego to a trauma center.

Mr. Szego underwent an emergency craniotomy to relieve pressure from brain bleeding. Radiological testing also revealed he suffered compression fractures of three vertebrae between the T2-3 and T4-5 levels of the thoracic spine. He remained hospitalized for five days. Mr. Szego testified that he also broke his collar bone, cracked several ribs, and injured his shoulder in the fall.

The Bureau's investigator confirmed Mr. Szego's Tennessee residence through a food stamps eligibility letter from the Hamilton County Department of Human Services. She also confirmed that Mr. Szego filed the Request for Investigation within sixty days of the injury.

The investigator noted that Mr. Szego reported working for Teffeteller Construction for a couple of months before the injury occurred. His rate of pay was $10 per hour, and taxes were not withheld. She located a Teffeteller employee named Larry Henderson, who confirmed Mr. Szego's history of performing roofing duties for Teffeteller Construction.

The investigator spoke to Mr. Teffeteller, who admitted that his construction and landscaping business did not have workers' compensation insurance on the date of injury. Mr. Teffeteller claimed that Mr. Szego had worked on the jobsite four days "without permission," and he stated he fired Mr. Szego the day before the injury occurred.

Finally, the investigator documented Mr. Teffeteller's failure to cooperate in providing details about the nature of Mr. Szego's employment. However, she concluded from Mr. Szego's statements that he was an employee, and not an independent contractor, because Teffeteller Construction: had the right to terminate him; transported him and co-workers to their jobsites; provided tools, and controlled the work by setting hours, obtaining co-workers, and deciding which employees worked at which jobsite. Mr. Szego testified at the hearing consistently with the specifics in the investigator's report.

After his release from the hospital, neurosurgeon Dr. Joseph Miller and his physician's assistant followed Mr. Szego for his head and spinal injuries. Dr. Miller and

2

his staff prescribed medication and ordered follow-up radiological testing.  On June 6, 2019, Dr. Miller took Mr. Szego completely off work.  On July 11, the physician's assistant authorized him to return to work with a twenty-pound lifting restriction.  He raised the lifting restriction to thirty pounds on August 22.  Mr. Szego received no treatment for his injuries after August 22, 2019.

More than two years later, Mr. Szego saw Dr. Jerry Smith for an independent medical examination.  He noted that Mr. Szego reported memory loss, headaches, difficulty concentrating, and stuttering after a May 21, 2019 work injury.  Dr. Smith diagnosed Mr. Szego with a traumatic brain injury resulting in alteration in mental status and stuttering.  He also diagnosed thoracic compression fractures.  He assigned a 21% permanent impairment.  Due to his injuries, Dr. Smith permanently restricted Mr. Szego from working from ladders, at heights, and around loud noises.  He also imposed a thirty-pound lifting restriction.

Dr. Smith completed Final Medical and Standard Medical Reports, in which he wrote that Mr. Szego's head and thoracic injuries, and the treatment for those conditions, arose primarily out of and in the course and scope of employment.  He set the maximum medical improvement date on the examination date and concluded that Mr. Szego was totally disabled from working from the injury date until the examination date.

Mr. Szego introduced the following billing records for treatment of his injuries:

$98,711.84   Erlanger Medical Center (May 21-26, 2019)
$ 2,783.00   Erlanger Medical Center (July 2019 MRI)
$ 8,283.76   Erlanger Medical Center (December 2019 radiological testing).
$   626.00   University Surgical Associates (craniotomy)
$ 1,018.56   TIIC (radiologist services)

Total   $111,423.16

Only Mr. Szego participated at the hearing.  He testified that he has not worked since the injury date because of severe headaches, back pain, deconditioning, and fear that he will hit his head and cause further brain damage.  He stated he suffers memory loss and lack of mental concentration due to his brain injury.  He stuttered when he answered questions during the hearing.

Mr. Szego did not introduce evidence showing Ms. McNish's relationship, if any, to Teffeteller Construction.

**Findings of Fact and Conclusions of Law**

Mr. Szego bears the burden "of proving each and every element of the claim by a preponderance of the evidence." Tenn. Code Ann. § 50-6-239(c)(6) (2021). He must meet this burden to show that his injuries, treatment, and impairment "arose primarily out of and in the course and scope of employment." Tenn. Code Ann.§ 50-6-102(14).

The Court holds Mr. Szego proved that he fell from a roof while working for Teffeteller Construction on May 21, 2019. He was transported by ambulance to a trauma center, where he underwent emergent surgery for a traumatic brain injury. Radiological testing revealed that Mr. Szego also suffered compression fractures to three thoracic vertebrae. Dr. Smith determined that Mr. Szego's fall at work primarily caused his head and thoracic spinal injuries. Thus, the Court holds that Mr. Szego met his burden of proving that his head and thoracic injuries arose primarily out of and in the course and scope of employment.

*Benefits*

Mr. Szego argued for recovery of temporary disability benefits from the injury date until October 12, 2021, the date Dr. Smith placed him at maximum medical improvement. He relied on Dr. Smith's opinion that his work injuries totally disabled him from the injury date until October 12, 2021.

The Court does not accept this position, giving little weight to Dr. Smith's coincidental placement of the date of maximum medical improvement on the date of his examination. Regarding the issue of maximum medical improvement, the Court gives greater weight to the providers who treated his injuries.

Unquestionably, Mr. Szego was totally disabled while hospitalized between May 21 and 26, 2019. Because he was recovering from brain surgery and Dr. Miller took him completely off work on the first post-hospitalization visit on June 6, the Court holds that Mr. Szego was likewise totally disabled from May 27 until June 6. Mr. Szego remained completely off work until August 22, 2019, when he saw the physician's assistant, who released him to return to work with the thirty-pound lifting restriction that Dr. Smith testified was permanent.

Based on the above facts, the Court holds that Mr. Szego attained maximum medical improvement on August 22, 2019, and awards him temporary disability benefits between May 21 and August 22, a period of thirteen weeks and three days. *See* Tenn. Code Ann. § 50-6-207(1)(E) (the date of maximum medical improvement is conclusively presumed to be the date the treating physician ends all treatment).

Mr. Szego worked for Teffeteller Construction at the rate of $10 per hour, averaging forty-five hours per week. Thus, his average weekly wage is $450, and his compensation rate is $300 per week. *See* Tenn. Code Ann. § 50-6-207(1)(A). On the above findings, the Court awards Mr. Szego $4,035.00 in temporary disability benefits.

The Court next addresses Mr. Szego's claim to permanent disability benefits. Tennessee Code Annotated section 50-6-207(2)(A) sets the original award of permanent partial disability benefits at the employee's compensation rate multiplied by 450 weeks and the applicable impairment rating. Here, the impairment rating is 21%, and his weekly compensation rate is $300. Using the statutory formula, the Court awards Mr. Szego an original award of permanent disability benefits based on 94.5 weeks of benefits, or $28,350.00.

Tennessee Code Annotated section 50-6-207(2)(B) provides for a second tier of permanent disability benefits, called a resulting award, for employees who have not made a successful return to work on the expiration date of the initial compensation period. Here, Mr. Szego's initial compensation period expired on June 14, 2021. On that date, he had been unable to locate employment because of residual pain from his work injuries and permanent restrictions. In view of that fact, the Court awards him a resulting award of permanent partial disability benefits.

Section 207(2)(B) provides that a resulting award is calculated by the application of up to four multipliers against the original award, depending on whether the employee shows sufficient facts to prove each individual multiplier. The preponderance of the evidence shows that Mr. Szego qualifies for a 1.35 multiplier for having not made a successful return to work, and a 1.2 multiplier for attaining the age of 40 before the initial compensation period expired. Upon application of the multipliers, the Court awards Mr. Szego a resulting award of permanent partial disability benefits totaling $17,577.00.

Regarding medical benefits, Tennessee Code Annotated section 50-6-204 requires an employer to pay all reasonable and necessary medical treatment of an employee's work injury. Here, Mr. Szego incurred at least $111,423.16 for treatment of his injuries. He incurred ninety percent of these charges for the emergent radiological testing, craniotomy, and hospitalization necessitated by his fall at work. Further, Dr. Smith testified that the treatment Mr. Szego received for his injuries, including the craniotomy, was reasonable and necessary. For the above reasons, the Court requires Teffeteller Construction to pay the $111,423.16 in medical charges introduced into evidence. Mr. Szego is entitled to see neurosurgeon Dr. Joseph Miller for ongoing treatment of his injuries.

*Uninsured Employers Fund*

Finally, because Teffeteller Construction did not have insurance, the Court considers whether Mr. Szego is eligible to apply for benefits from the Bureau's Uninsured

5

Employers Fund. Under Tennessee Code Annotated section 50-6-802(e), the Bureau has the *discretion* to pay limited benefits to Mr. Szego if he proves the following:

1. He worked for an employer who did not have workers' compensation insurance;
2. He suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015;
3. He was a Tennessee resident on the date he was injured; and
4. He provided notice to the Bureau of the injury and of the failure of the employer to secure payment of compensation within a reasonable period, but no longer than sixty days after the date of his injury.

The Court finds that Mr. Szego worked for an employer that did not have workers' compensation insurance, and he proved by a preponderance of the evidence that he suffered an injury arising primarily from his employment on May 21, 2019. He was a Tennessee resident on the date he was injured, and he gave notice to the Bureau of his injury and Teffeteller Construction's lack of insurance within sixty days. Therefore, Mr. Szego satisfied all the requirements of section 803(e). He may complete the attached form for consideration of a discretionary payment through the Uninsured Employers Fund.

*Claims Against Ashley McNish and the Estate of Kristopher Teffeteller*

The Court finds that Mr. Szego did not introduce any evidence that proved Ashley McNish's liability for the workers' compensation obligations of Teffeteller Construction or Kristopher Teffeteller. For this reason, the Court dismisses this claim against her with prejudice to its refiling. Because Mr. Teffeteller operated Teffeteller Construction as a sole proprietorship, his estate is liable for the benefits awarded Mr. Szego by this order.

**IT IS ORDERED**:

1. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall pay Mr. Szego $4,035.00 in temporary total disability benefits.

2. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall pay Mr. Szego $28,350.00 as an original award of permanent partial disability benefits.

3. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall pay Mr. Szego $17,577.00 as a resulting award of permanent partial disability benefits.

4. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall pay the documented charges to the named providers, totaling $111,423.16, incurred by Mr. Szego for treatment of his work injuries.

5. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall be responsible for Dr. Joseph Miller's charges for providing reasonable and necessary ongoing treatment of his work injuries.

6. Teffeteller Construction and/or the Estate of Kristopher Teffeteller shall pay the $150 filing fee to the Court Clerk within five business days after this order becomes final. They shall also file an SD-2 form memorializing the conclusion of this case.

7. Mr. Szego is eligible to request benefits from the Uninsured Employers Fund at the *Administrator's discretion* as provided in Tennessee Code Annotated section 50-6-802(e). To do so, he must complete and submit the enclosed form.

8. The claim against Ashley McNish is dismissed with prejudice to its refiling.

9. The McMahon firm is entitled to an attorney's fee of twenty percent of the recovery, and for recovery of its reasonable expenses, in successfully presenting this case for trial. It shall file a petition in support of any fee it seeks in excess of $10,000.

**ENTERED January 19, 2022.**


_____
*Thomas Wyatt*
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**Appendix**

Technical Record:
1. Petition for Benefit Determination, including Request for Investigation
2. Order granting leave to add parties
3. Scheduling Order
4. Initial Dispute Certification Notice
5. Post-Discovery Dispute Certification Notice
6. Plaintiff's Proposed Witness & Exhibit Lists

Exhibits:
1. Expedited Request for Investigation Report and attached documents
2. Hamilton County EMS records
3. Erlanger Medical Center and Physician Group records
4. Parkridge Medical Center records

7

5. Billing records
6. Report of Dr. Jerry Smith, including attached medical reports
7. Erlanger Medical Center bill (verified by Mr. Szego)
8. Temporary total disability calculation

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on January 19, 2021.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Brent Burks, Employee's Attorney | | X | brentburks@mcmahanlawfirm.com cc: laura@mcmahanlawfirm.com |
| Kris Teffeteller Ashley McNish d/b/a Teffeteller Construction & Landscaping, Employer | X | X | 435 Montclair Drive Rossville, GA 30741 ashleyteff35@gmail.com |
| Michael Jones, Administrator ad Litem for Estate of Kristopher Teffeteller | | X | msj@lutheranderson.com |
| LaShawn Pender, UEF Program | | X | Lashawn.pender@tn.gov |

_____
PENNY SHRUM, Court Clerk
WC.CourtClerk@tn.gov